**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **William Bonna, Jr.,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 24-cv-85** |
| | : | |
| **v.** | : | **(JUDGE MANNION)** |
| | : | |
| **Scranton Quincy Hospital Co., d/b/a Moses Taylor Hospital; Pennsylvania Physician Services, LLC; and John Stanton, M.D.,** | : | |
| | : | |
| | : | |
| **Defendants** | : | |
| | : | |

## <u>MEMORANDUM</u>

Plaintiff William Bonna, Jr., a nurse, sues a hospital that employed him, a physician who supervised him there, and another entity that employed the physician. He brings claims of discrimination, retaliation, and hostile work environment under federal law. He also brings tort claims under state law. (Doc. 23).

The court considers the motions to dismiss of Defendants Moses Taylor Hospital, (Doc. 24), Pennsylvania Physician Services, (Doc. 30), and Dr. John Stanton. (Doc. 32).

## I.    BACKGROUND[1]

The Second Amended Complaint (the "Complaint"), (Doc. 23), alleges the following. Plaintiff, who is 58 years old, was employed by Moses Taylor as a Licensed Practical Nurse for over twenty-seven years. (Doc. 23 ¶¶14–15, 17). Dr. Stanton is employed by either Pennsylvania Physician Services or Moses Taylor. (Id. ¶¶20–21).

On September 24, 2022, Plaintiff was caring for a minor patient in the ER who needed to be transferred to another facility. (Id. ¶23). He told Dr. Stanton that the patient's mother wanted to transport the child herself, because the ambulance transport would take longer. (Id. ¶24). "Dr. Stanton became irate, and started screaming obscenities, calling people 'dumb mother f**kers' and '***holes,'" and "threatened" to report the child's mother to Children any Youth Services. (Id. ¶25). After Plaintiff asked him why the mother could not transport the child, Dr. Stanton "stood up and started swinging his hands inches from [Plaintiff's] face" while "screaming obscenities," "threated to 'beat the f**k' out of [Plaintiff]" and "screamed 'I will kill you' at [Planitiff]." (Id. ¶¶26–28).

---

[1] Because these are motions to dismiss, the second amended complaint's factual allegations are accepted as true. *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016). But its "legal conclusions" are disregarded. *Id.*

Plaintiff complained about Dr. Stanton's conduct to Moses Taylor's Human Resources department. (Id. ¶30). He also complained to the Scranton Police Department, which "investigated the matter and then filed criminal charges against Dr. Stanton for terroristic threats." (Id. ¶34–35). "As a result of the violent threats and assault [Plaintiff] suffered, and as a result of the inaction of Defendants in response to [Plaintiff]'s HR Complaint, [Plaintiff] was constructively discharged." (Id. ¶46).

Plaintiff filed charges of discrimination and retaliation with the EEOC, and the EEOC issued a Right to Sue letter on October 23, 2023. (Doc. 23 ¶48–49). His initial complaint in this court was filed on January 18, 2024. (Doc. 1).

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). So a complaint that contains only "labels

- 3 -

and conclusions," or a "formulaic recitation of the elements of a cause of action" does not comply with Rule 8. *Id.*

A defendant may move to dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility is achieved "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not require probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" liability do not satisfy this standard. *Id.*

As noted above, the court at this stage accepts the complaint's factual allegations as true. But this tenet "is inapplicable to legal conclusions." *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). And "[d]etermining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

- 4 -

District courts considering a 12(b)(6) motion "conduct a two-part analysis." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.

*Fowler*, 570 F.3d at 210–11 (internal citations and quotations omitted).


## III.   DISCUSSION

### a. Discrimination and Hostile Work Environment (Counts I, II, and III).

In Count I, Plaintiff claims that Defendants discriminated against him in violation of Title VII of the Civil Rights Act of 1964. (See Doc. 23 ¶¶38–51). Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. §2000e-2(a)(1). Regarding this Count, the Complaint mentions both age and sex discrimination, (Doc. 23 ¶48), but Title VII does not protect against age discrimination. *Id.*; *Laymon v. Honeywell Int'l Inc.*, 645 F. Supp. 3d 443, 453 (W.D. Pa. 2022).

In Count II, Plaintiff claims that Defendants discriminated against him because of his age, in violation of the Age Discrimination in Employment Act (ADEA). (Doc. 23 ¶¶52–58). The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §623(a)(1).

And in Count III, Plaintiff claims that he was subjected to a hostile work environment in violation of Title VII. (Doc. 23 ¶¶59–67).

A Title VII discrimination plaintiff "must establish that [his] protected status was a factor in the employer's challenged action." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 788 (3d Cir. 2016). So to survive dismissal, Plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof" that his status as a man was a factor in an adverse employment action. *Id.* at 789. And in determining whether he has done so, the court does not consider conclusory allegations. *Id.* at 789–90. Similarly, a Title VII hostile work environment claim requires a demonstration that the plaintiff "suffered intentional discrimination because of" his protected class. *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 276 (3d Cir. 2001).

An ADEA plaintiff must allege that "(1) he is over forty, (2) he is qualified for the position in question, (3) he suffered from an adverse employment action, and (4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination." *Hill v. Borough of Kutztown*, 455 F.3d 225, 247 (3d Cir. 2006).

Plaintiff has not alleged facts which could permit an inference of discrimination. The Complaint does allege that "[i]t is believed that" Defendants' actions were "made against [Plaintiff] on the basis of [his] age and gender" and that he suffered unfavorable treatment "due in part to his age." (Doc. 23 ¶¶47, 56). But these allegations simply assert the existence of an element which Plaintiff ultimately must prove; they state the legal conclusion that Plaintiff was subject to discrimination. As conclusory statements, they are not entitled to the presumption of truth, and cannot serve to overcome Defendants' motions to dismiss. *See Connelly*, 809 F.3d at 789–90.

Excluding these conclusory statements, the Complaint is devoid of factual allegations connecting Defendants' actions to Plaintiff's gender or age. And Plaintiff in his brief does not identify factual allegations suggesting discrimination; he merely restates his allegation that Defendants' conduct

was "due to Plaintiff being in the protected age and gender class." (Doc. 34 at 15–16).

The federal pleading standard "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679. Allegations that Dr. Stanton treated Plaintiff rudely, or that the hospital did not act on his complaints, without more, do not raise a plausible entitlement to relief under Title VII or the ADEA. At most, these allegations create a "sheer possibility" of discrimination, *Iqbal*, 556 U.S. at 678; they do not make discrimination one iota more likely a reason for Defendants' conduct than any other reason.

In so concluding, the court does not condone the conduct alleged. But neither Title VII nor the ADEA serves as "a general civility code." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998); *Connearney v. Main Line Hospitals, Inc.*, No. 15-02730, 2016 WL 6440371, at *7 (E.D. Pa. Oct. 28, 2016). Instead, they protect against discrimination because of certain characteristics; so Plaintiff must allege facts plausibly showing that Defendants discriminated against him on the basis of those characteristics. Because Plaintiff has not done so, Counts I, II, and III will be dismissed.

### b. Retaliation (Count IV)

Plaintiff next claims that Defendants Moses Taylor and PA Physicians retaliated against him for engaging in protected activity by: failing to address his complaints about Dr. Stanton, ignoring his request for assistance in addressing Dr. Stanton's conduct, failing to advise him of his rights and the assistance available to him, and scheduling him to work with Dr. Stanton on September 25, 2022. (Doc. 23 ¶70).

Title VII makes it unlawful for an employer to discriminate against an employee because that employee has "opposed any practice made unlawful" by Title VII or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under" Title VII. 42 U.S.C. §2000e-3(a). In other words, Title VII's antiretaliation provision "protects those who participate in certain Title VII proceedings (the 'participation clause') and those who oppose discrimination made unlawful by Title VII (the 'opposition clause')." *Moore v. City of Phila.*, 461 F.3d 331, 341 (3d Cir. 2006). So a plaintiff claiming retaliation under Title VII must allege that he participated in one of these protected activities. *Id.* at 340.

The employee engaging in Title VII protected activity "must hold an objectively reasonable belief, in good faith, that the activity they oppose is unlawful under Title VII." *Id.* (citing *Clark County v. Breeden*, 532 U.S. 268,

271 (2001)). And "[a] general complaint of unfair treatment is insufficient to establish protected activity under Title VII"; to qualify as an opposition to an employment practice made unlawful by Title VII, the complaint must "'explicitly or implicitly' allege[] that a protected characteristic was the basis for the adverse employment action." *Curay-Cramer v. Ursaline Acad. of Wilmington*, 450 F.3d 130, 135 (3d Cir. 2006) (quoting *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701–02 (3d Cir. 1995)).

Here, Plaintiff alleges that he complained to Moses Taylor about Dr. Stanton's "threats and conduct." (Doc. 23 ¶29). But he does not allege that he complained to Defendants that Dr. Stanton discriminated against him on the basis of age or gender. Nor does the complained-of conduct obviously implicate age or gender, such that his complaint to Moses Taylor necessarily implied discrimination. So Plaintiff has not alleged that he engaged in protected activity, as required for a Title VII retaliation claim. *See Davis v. City of Newark*, 417 Fed. App'x 201, 203 (3d Cir. 2011) (non-precedential) (affirming dismissal of a plaintiff's Title VII retaliation claim where her complaints to her supervisors "failed to identify any conduct proscribed by Title VII"); *Swanger-Metcalfe v. Bowhead Integrated Support Servs., LLC*, No. 1:17-cv-2000, 2019 WL 1493342, at *9 (M.D. Pa. Mar. 31, 2019) (dismissing retaliation claim where the plaintiff did not assert that her

allegedly protected activity, a meeting with a supervisor and an HR representative, was "to complain of … discrimination"); *see also Barber*, 68 F.3d 694, 702 (3d Cir. 1995) ("A general complaint of unfair treatment does not translate into a charge of illegal *age* discrimination.").

In sum, Title VII protects employees from retaliation for complaining of discrimination. But Plaintiff does not allege that he complained of discrimination to his employer; he only alleges that he complained of certain (facially gender-neutral) threats and conduct. So he has not alleged facts raising a plausible entitlement to relief under Title VII's anti-retaliation provision. Therefore, Count IV will be dismissed.

### c. Pennsylvania Human Relations Act (Count V)

Plaintiff also claims that Moses Taylor and Dr. Stanton "violated the [Pennsylvania Human Relations Act] by … constructively terminating him and failing to take any action in response to his complaint regarding Dr. Stanton's abuse, harassment and assault." (Doc. 23 ¶78).

Defendant Moses Taylor contends that Plaintiff's PHRA claim should be dismissed because he has not exhausted his administrative remedies under that law. (Doc. 25 at 25).

"To bring suit under the PHRA, an administrative complaint must first be filed with the [Pennsylvania Human Relations Commission] within 180

days of the alleged act of discrimination." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 164 (3d Cir. 2013); 43 Pa. Stat. §§959, 962.[2] "Whether a plaintiff has initiated a PHRC proceeding under the PHRA is a state law issue." *Woodson v. Scott Paper Co.*, 109 F.3d 913, 926 (3d Cir. 1997).

Though the PHRC and EEOC have a worksharing agreement, under which "a claim that is first filed with the EEOC can be processed by the EEOC, without being investigated as an initial matter by the PHRC," such that a plaintiff can "proceed in court under Title VII without first filing with the PHRC," "[t]hat … does not mean that a plaintiff can initiate PHRC proceedings as required by the *PHRA* merely by filing with the EEOC." *Id.* So "evidence of the worksharing agreement alone cannot serve to show that [a plaintiff] invoked the Pennsylvania state administrative remedy as required by the PHRA." *Id.* at 927. Generally, "if the PHRC does not receive a complainant's claim, then that complainant cannot bring suit under the PHRA." *Id.*

---

[2] Section 962 provides that a PHRA complainant may bring a court action for a claim of discrimination after he has invoked the Act's procedures (as set forth in §959) and received notice from the Commission that it has dismissed the complaint or has not entered into a conciliation agreement to which the complainant is a party. 43 Pa. Stat. §962(c)(1).

Plaintiff has alleged that he filed a charge of discrimination and retaliation with the EEOC, (Doc. 23 ¶48), but he does not allege that he filed a complaint with the PHRC.

Plaintiff advances three arguments opposing dismissal on the ground of exhaustion: (1) that his EEOC complaint should serve to exhaust his PHRC remedies, (2) that the result of the EEOC investigation demonstrates that "there would be no administrative resolution under the PHRA," and (3) that Moses Taylor "is not prejudiced by Plaintiff's assertion of rights and pursuit of remedies under the PHRA." (Doc. 34 at 18).

The notion that an EEOC complaint alone serves to exhaust PHRC remedies has been squarely rejected. *See Woodson*, 109 F.3d at 927 ("[T]he Pennsylvania Supreme Court held in *Fye v. Cent. Transp., Inc.*, 409 A.2d 2 (Pa. 1979), that EEOC procedures are not a sufficient surrogate for PHRC remedies."). And Defendant has supplied no authority for the existence of futility or lack of prejudice exceptions to the exhaustion requirement established by Pennsylvania law.

Because Plaintiff has not invoked the PHRA's remedial procedures, he is not entitled to bring a court action based on a violation of that Act. 43 Pa. Stat. §962(c)(1). Count V will therefore be dismissed.

### d. Common law tort claims (Counts VI–IX)

Finally, Plaintiff levels several tort claims against Dr. Stanton and Pennsylvania Physician Services. (Doc. 23 ¶¶80–121). Plaintiff avers that the court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because he has raised claims arising under the laws of the United States, specifically, the Civil Rights Act of 1964 and the ADEA. (Doc. 23 ¶10). But the court concludes *supra* Section III.a–b that those claims are subject to dismissal.

"In the ordinary course, where the claims over which the district court has original jurisdiction are dismissed before trial, the district court *must* decline to decide the pendent state claims," unless there is an "affirmative justification for doing so" based on "considerations of judicial economy, convenience, and fairness to the litigants." *N. Sound Capital LLC v. Merch & Co., Inc.*, 938 F.3d 482, 494 n.11 (3d Cir. 2019). The court observes no affirmative justification for retaining supplemental jurisdiction over Plaintiff's remaining state-law claims. It therefore declines to decide these claims and will dismiss Counts VI–IX for lack of subject-matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss will be granted.

When a complaint has failed to state a claim upon which relief can be granted, "a district court should generally permit a curative amendment, unless an amendment would be inequitable or futile." *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022). Pursuant to a stipulation, Plaintiff amended his original complaint to correct the caption. (Doc. 8; Doc. 10; Doc. 11). He later requested leave, over Defendant Moses Taylor's objection, to amend his complaint a second time, (Doc. 26; Doc. 26-1), and was permitted to do so, (Doc. 23; Doc. 27). Because Plaintiff has already been allowed two amendments, the court concludes that granting leave to amend a third time would be inequitable.

Additionally, Plaintiff has fallen well short of federal pleading standards with respect to his Title VII claims—he attempts to state discrimination claims based on purely conclusory assertions of discrimination and a retaliation claim without alleging that he engaged in protected activity.  This stark deficiency suggests that amendment would be futile, for his complaint allows no inference that there are facts he could allege which would satisfy his claims' essential elements.

- 15 -

Considering equity and this futility, then, the court will dismiss Counts I–IV without leave to amend and with prejudice. *See Kurtz v. Westfield Ins.*, 610 F. Supp. 3d 703, 710 (E.D. Pa. 2022) ("Normally, when granting a motion to dismiss for the first time, courts will give a plaintiff leave to file an amended complaint. However, courts may dismiss a complaint with prejudice when 'leave to amend would be futile.'" (quoting *Lontex Corp. v. Nike, Inc.*, 384 F. Supp. 3d 546, 559 (E.D. Pa. 2019)).

As for Plaintiff's state law claims: his PHRA claim will be dismissed for failure to exhaust, which is not a decision on the merits. Likewise, "a dismissal for lack of subject matter jurisdiction," which is the ground for dismissal of Plaintiff's other state law claims, "is not an adjudication on the merits and thus should be ordered 'without prejudice.'" *Assoc'd Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023). Therefore, Plaintiff's state law claims in Counts V–IX will be dismissed without prejudice to refiling in the appropriate state court. Refiling of Plaintiff's PHRA claim is subject to the PHRA's exhaustion requirement.

An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: July 31, 2024**
24-85-01

- 16 -